UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY BEASLEY,

    Plaintiff,

v.                                                       Case No. 2:11-cv-84
                                                        HON. ROBERT HOLMES BELL

UNKNOWN SHUBERT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy Beasley, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants employed at the Chippewa Correctional Facility Officer Shubert, Officer Dicus, Sammantha Belonga, Teffeny Haskey and W. Williams. Plaintiff's complaint alleges that on December 18, 2010, he wanted to speak with defendant Shubert's supervisor about a falsified incident. After officer Shubert passed out dinner trays, plaintiff felt that it was an intelligent idea to stick his arm and hand out of the door cell slot until he got his way, and was able to speak to a supervisor. However, according to plaintiff defendant Shubert kicked the door slot shut causing plaintiff to suffer a hand injury. Plaintiff alleges that the security camera video will show that defendant Williams was also standing near the cell door encouraging defendant Shubert to close the cell door slot and injure plaintiff. Plaintiff has requested the video in a discovery motion. Defendants have not responded to that motion and the video evidence is not part of the court record.[1]

---

[1] A separate order will be issued on that motion.

Plaintiff complains that defendant Nurse Belonga minimized his injuries and did not issue a critical incident report or take photos of plaintiff's injuries as part of a cover-up. Plaintiff complains that he never received medical attention despite the swelling, bruising and bleeding to his hand.

On February 14, 2011, in an unrelated incident, plaintiff was returning from the shower. Plaintiff claims that defendant Dicus stepped on the back of plaintiff's shoes, causing plaintiff to fall down the stairs. Plaintiff argues that this was done intentionally and that he suffered bruises and swelling to his ankle. Plaintiff asserts that the security camera footage will show this illegal action by defendant Dicus. Plaintiff asserts that health care staff worker Tiffeny Hasky purposely minimized plaintiff's injury by not issuing a critical incident report and covering-up the extent of plaintiff's injuries. The video is not part of the court record.

Defendants have filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir.

1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat

"reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Defendants have denied any wrongdoing. Defendants Shubert and Williams assert that when defendant Shubert began to close the slot, plaintiff reached out toward defendant Shubert, and defendant Williams thought plaintiff was trying to assault defendant Shubert. Both defendants have asserted that plaintiff's hand was never struck by the cell door slot while it was being closed. Plaintiff has asserted an entirely different version of what allegedly took place.

Defendant Dicus argues that he never touched plaintiff and plaintiff simply fell down the stairs because his shower shoes did not fit properly. Plaintiff states that is not true and that he was purposely stepped on by defendant Dicus. In both instances, plaintiff asserts that he was denied medical attention as part of a cover-up for the assaults by defendants Shubert, Williams and Dicus. Plaintiff claims that the videos would support his claims and he has made a request for the videos. Defendants have not submitted to the court the videos. The video evidence could potentially be the best evidence in this case. Certainly, at the least, plaintiff should have the opportunity to view the videos before this court decides a summary judgment motion. In the opinion of the undersigned, the record has not been fully developed in this case and it would be premature to grant summary judgment at this time. Similarly, defendants' argument that they are entitled to qualified immunity must fail based upon undeveloped factual issues at this time.

Accordingly, it is recommended that defendants' motion for summary judgment (Docket #22) be denied and plaintiff's motion to strike the affidavits of defendants (Docket #35) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated: August 22, 2012